FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 09 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KIMBERLY SASSER, ESMERALDA BETANCOURT, MONICA BITTLE, ROGER BURTON, JAMES COOKE, ROSHAWN CRAVEN, LAWRENCE DAY, JUSTIN DRAGER, CHASE DRAPER, VICTORIA ENSLEY, NIKEYA HARRIS, MICHAEL HILL, ANTHONY HINKLE, MONIQUE HOPKINS, SAMARA JOHNSON, SARAH JONES, DARIUS JORDAN, LARRY JOSEPH, NATASHA MARTIN, RACHEL MEADOR, SARAH MITCHELL, CORTIUNNA MULDREW, DUSTY SCHOBEY, DUSTIN SHORES, TIRAN TROTTER, KALEB VICKERS, CHRISTOPHER WHITE and DAVID WILSON**                                    **PLAINTIFFS**

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Deere_

VS.                              No. 3:19-cv-_195 - DPM_

**FOWLER FOODS, INC., SOUTHWEST ARKANSAS FOODS, INC., and CHRIS FOWLER**                                                **DEFENDANTS**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Kimberly Sasser, Esmeralda Betancourt, Monica Bittle, Roger Burton, James Cooke, Roshawn Craven, Lawrence Day, Justin Drager, Chase Draper, Victoria Ensley, Nikeya Harris, Michael Hill, Anthony Hinkle, Monique Hopkins, Samara Johnson, Sarah Jones, Darius Jordan, Larry Joseph, Natasha Martin, Rachel Meador, Sarah Mitchell, Cortiunna Muldrew, Dusty Schobey, Dustin Shores, Tiran Trotter, Kaleb Vickers, Christopher White and David Wilson, by and through their attorneys Sean Short, Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint

against Defendants Fowler Foods, Inc., Southwest Arkansas Foods, Inc., and Chris Fowler ("Defendants"), state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1.   Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs overtime compensation for all hours that Plaintiffs worked in excess of forty (40) per workweek.

2.   Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3.   Each Plaintiff was an opt-in Plaintiff in *Weber v. Fowler Foods, Inc.*, No. 3:18-cv-150-JM (E.D. Ark.). Each Plaintiff withdrew his or her consent to join that case on July 9, 2019.

## II.   JURISDICTION AND VENUE

4.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.   This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein

alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

7. Defendants conduct business within the State of Arkansas, operating several fast food eating establishments.

8. Defendants' principal place of business is within the Jonesboro Division of the Eastern District of Arkansas.

9. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

## III.  THE PARTIES

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Sheneka Sasser is a resident and citizen of Hempstead County.

12. Plaintiff Sasser was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

13. Plaintiff Esmeralda Betancourt is a resident and citizen of Howard County.

14. Plaintiff Betancourt was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

15. Plaintiff Monica Bittle is a resident and citizen of Hempstead County.

16. Plaintiff Bittle was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

17. Plaintiff Roger Burton is a resident and citizen of Polk County.

18. Plaintiff Burton was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

19. Plaintiff James Cooke is a resident and citizen of Polk County.

20. Plaintiff Cooke was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

21. Plaintiff Roshawn Craven is a resident and citizen of Hempstead County.

22. Plaintiff Craven was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

23. Plaintiff Lawrence Day is a resident and citizen of Polk County.

24. Plaintiff Day was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

25. Plaintiff Justin Drager is a resident and citizen of Polk County.

26. Plaintiff Drager was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

27. Plaintiff Chase Draper is a resident and citizen of Sevier County.

28. Plaintiff Draper was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

29. Plaintiff Victoria Ensley is a resident and citizen of Howard County.

30. Plaintiff Ensley was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

31. Plaintiff Nikeya Harris is a resident and citizen of Hempstead County.

32. Plaintiff Harris was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

33. Plaintiff Michael Hill is a resident and citizen of Howard County.

34. Plaintiff Hill was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

35. Plaintiff Anthony Hinkle is a resident and citizen of Polk County.

36. Plaintiff Hinkle was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

37. Plaintiff Monique Hopkins is a resident and citizen of Howard County.

38. Plaintiff Hopkins was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

39. Plaintiff Samara Johnson is a resident and citizen of Sevier County.

40. Plaintiff Johnson was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

41. Plaintiff Sarah Jones is a resident and citizen of Polk County.

42. Plaintiff Jones was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

43. Plaintiff Darius Jordan is a resident and citizen of Hempstead County.

44. Plaintiff Jordan was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

45. Plaintiff Larry Joseph is a resident and citizen of Polk County.

46. Plaintiff Joseph was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

47. Plaintiff Natasha Martin is a resident and citizen of Hempstead County.

48. Plaintiff Martin was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

49. Plaintiff Rachel Meador is a resident and citizen of Polk County.

50. Plaintiff Meador was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

51. Plaintiff Sarah Mitchell is a resident and citizen of Polk County.

52. Plaintiff Mitchell was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

53. Plaintiff Cortiunna Muldrew is a resident and citizen of Hempstead County.

54. Plaintiff Muldrew was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

55. Plaintiff Dusty Schobey is a resident and citizen of Hempstead County.

56. Plaintiff Schobey was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

57. Plaintiff Dustin Shores is a resident and citizen of Jefferson County.

58. Plaintiff Shores was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

59. Plaintiff Tiran Trotter is a resident and citizen of Hempstead County.

60. Plaintiff Trotter was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

61. Plaintiff Kaleb Vickers is a resident and citizen of Howard County.

62. Plaintiff Vickers was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

63. Plaintiff Christopher White is a resident and citizen of Howard County.

64. Plaintiff White was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

65. Plaintiff David Wilson is a resident and citizen of Nevada County.

66. Plaintiff Wilson was an hourly-paid employee at one of Defendants' eateries within the three years preceding the filing of this Complaint.

67. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

68. Defendant Fowler Foods, Inc., is a for-profit Arkansas corporation, operating KFC, Taco Bell and other franchised restaurants in various states,

including the States of Arkansas, Tennessee, Illinois, Missouri, Kentucky, Ohio, Alabama, Louisiana, Michigan and North Carolina.

69. Defendant Fowler Foods, Inc.'s, annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

70. During each of the three years preceding the filing of this Complaint, Defendant Fowler Foods, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

71. Defendant Fowler Foods, Inc., has more than four employees.

72. Defendant Fowler Foods, Inc., is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

73. Defendant Fowler Foods, Inc.'s, principal address is 139 Southwest Drive, Jonesboro, Arkansas 72401.

74. Defendant Fowler Foods, Inc.'s, registered agent for service of process in the State of Arkansas is Wallace Fowler, 139 Southwest Drive, Jonesboro, Arkansas 72401.

75. Defendant Fowler Foods, Inc., controls the day-to-day operations of Southwest Arkansas Foods, Inc., such that it is liable to Plaintiffs as an employer under the FLSA and the AMWA.

76. Defendant Southwest Arkansas Foods, Inc., is a for-profit Arkansas corporation, which owns and operates franchised restaurants across Arkansas.

77. Defendant Southwest Arkansas Foods, Inc.'s, annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

78. During each of the three years preceding the filing of this Complaint, Defendant Southwest Arkansas Foods, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

79. Defendant Southwest Arkansas Foods, Inc., has more than four employees.

80. Defendant Southwest Arkansas Foods, Inc., is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

81. Defendant Southwest Arkansas Foods, Inc.'s, principal address is 139 Southwest Drive, Jonesboro, Arkansas 72401.

82. Defendant Southwest Arkansas Foods, Inc.'s, registered agent for service of process in the State of Arkansas is Wallace Fowler, 139 Southwest Drive, Jonesboro, Arkansas 72401.

83. Defendant Chris Fowler is the President of Fowler Foods, Inc., and Southwest Arkansas Foods, Inc., and is an individual who resides in the State of Arkansas.

84. Defendant Chris Fowler controls the day-to-day operations of Fowler Foods, Inc., and Southwest Arkansas Foods, Inc., such that he is liable to Plaintiffs as an employer under the FLSA and the AMWA.

85. Defendant Chris Fowler established and maintained the policies at issue in this case.

86. Defendant Chris Fowler was at all times relevant hereto Plaintiffs' employer and has been engaged in interstate commerce as that term is defined under the FLSA.

87. Defendants acted jointly as the employer of Plaintiffs and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

88. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

89. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV. **FACTUAL ALLEGATIONS**

90. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

91. Defendants own and operate fast food restaurants throughout Arkansas.

92. During the period relevant to this lawsuit, Defendants classified Plaintiffs as hourly employees non-exempt from the overtime requirements of the FLSA and the AMWA.

93. Plaintiffs worked more than forty (40) hours per week on a regular basis within the three years prior to the filing of Plaintiffs' Complaint.

94. Defendants automatically clocked out Plaintiffs once the store had been closed to customers. However, Defendants did not allow Plaintiffs to leave until the store had been fully cleaned and prepared for the next shift.

95. As a direct result of Defendants' policies, even though Plaintiffs employees worked more than forty (40) hours in many weeks that they worked for Defendants during the time period relevant to this Complaint, they were not compensated for all of their overtime hours worked.

## V. **FIRST CAUSE OF ACTION**
**(Individual Claims for Violation of the FLSA)**

96. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

97. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

98. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

99. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

100. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

101. During the period relevant to this lawsuit, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

102. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

103. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

104. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

105. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

106. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

107. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

108. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

109. During the period relevant to this lawsuit, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the AMWA.

110. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

111. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

112. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kimberly Sasser, Esmeralda Betancourt, Monica Bittle, Roger Burton, James Cooke, Roshawn Craven, Lawrence Day, Justin Drager, Chase Draper, Victoria Ensley, Nikeya Harris, Michael Hill, Anthony Hinkle, Monique Hopkins, Samara Johnson, Sarah Jones, Darius Jordan, Larry Joseph, Natasha Martin, Rachel Meador, Sarah Mitchell, Cortiunna Muldrew, Dusty Schobey, Dustin Shores, Tiran Trotter, Kaleb Vickers, Christopher White and David Wilson respectfully pray as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   That each Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

C.   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.   A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E.  Judgment for damages for all unpaid overtime compensation owed to Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.  Judgment for damages for all unpaid overtime compensation owed to Plaintiffs under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

H.  Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I.  For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**KIMBERLY SASSER, ESMERALDA BETANCOURT, MONICA BITTLE, ROGER BURTON, JAMES COOKE, ROSHAWN CRAVEN, LAWRENCE DAY, JUSTIN DRAGER, CHASE DRAPER, VICTORIA ENSLEY, NIKEYA HARRIS, MICHAEL HILL, ANTHONY HINKLE, MONIQUE HOPKINS, SAMARA JOHNSON, SARAH JONES, DARIUS JORDAN, LARRY JOSEPH, NATASHA MARTIN, RACHEL MEADOR, SARAH MITCHELL, CORTIUNNA MULDREW, DUSTY SCHOBEY, DUSTIN SHORES, TIRAN TROTTER, KALEB VICKERS, CHRISTOPHER WHITE and DAVID WILSON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Sean Short
Sean Short
Ark. Bar No. 2015079
josh@sanfordlawfirm.com

/s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com